### In re WEST 151ST ST. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   June, 1914.)

1. MUNICIPAL CORPORATIONS (§ 402*)—DISCONTINUING STREETS—PROCEED-
INGS.

   The requirement of Laws 1895, c. 1006, § 5, that property owners claim-
   ing damages for the closing of a street shall present their claims to the
   comptroller, is not a condition precedent to proceedings by the comptrol-
   ler, not under that section, but under the direction of the board of esti-
   mate and apportionment.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
   969–981; Dec. Dig. § 402.*]

2. MUNICIPAL CORPORATIONS (§ 402*) — DISCONTINUING STREETS — PROCEED-
INGS.

   The proceedings prescribed by Laws 1895, c. 1006, § 5, for the ascertain-
   ment of damages caused by the closing of a street upon complaint by
   the property owners claiming such damages, is not exclusive, but such
   proceedings may be instituted under the direction of the board of estimate
   and apportionment under Greater New York Charter (Laws 1897, c. 378)
   § 243, as amended by Laws 1901, c. 466, which transferred to that board
   the power to initiate such proceedings, formerly vested in the board of
   street opening and improvement by Consolidation Act 1882 (Laws 1882,
   c. 410, subc. 16, tit. 5) § 955, as amended by Laws 1884, c. 17, and under
   Greater New York Charter, § 442, which gives the board of estimate and
   apportionment broad powers relating to the closing of streets.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
   969–981; Dec. Dig. § 402.*]

3. MUNICIPAL CORPORATIONS (§ 657*)—DISCONTINUING STREETS—PROCEED-
INGS.

   In proceedings for the closing of a street, brought under Laws 1895, c.
   1006, § 3, providing for the discontinuance of a street after its permanent
   establishment, the requirement of section 2 of that act, which applies to
   the closing of streets by the omission to include them in the permanent
   map, that such streets shall not be closed until some other street bounding
   the blocks damaged on at least one side, has been physically opened, does
   not apply.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
   722, 844, 1429, 1496; Dec. Dig. § 657.*]

Proceeding by the City of New York for discontinuing and closing
West 151st Street between Riverside Drive and the Hudson River.
On motion by property owners against whom assessments for the ex-
pense of discontinuance were laid to vacate the proceedings.   Denied.

Truman H. & George E. Baldwin, of New York City, for the
Motion.

Frank L. Polk, Corp. Counsel, of New York City (L. Howell La
Motte, of New York City, of counsel), opposed.

James A. Deering, of New York City, for property owners, opposed.

GIEGERICH, J.   This motion to vacate and set aside this proceed-
ing, brought to ascertain and determine the compensation to be paid
for discontinuing and closing West 151st street, in the borough of
Manhattan, is made by certain property owners against whom assess-

ments for the expense of such discontinuance and closing have been laid.

[1] The first ground urged in support of the motion is that the court has no jurisdiction by reason of the failure of the claimants for damages to present their claims to the comptroller pursuant to section 5, chapter 1006, of the Laws of 1895; it being argued in support of the motion that such presentation is a condition precedent to the valid institution of a proceeding of this character. It may be that the filing of such claims is necessary to make it the duty of the corporation counsel to take such proceedings as are provided in the section referred to; but the present proceeding was not instituted by the corporation counsel under that section, but was instituted by him under direction of the board of estimate and apportionment, duly given by resolution, that the corporation counsel should institute the proceeding.

[2] I do not think the statute referred to (section 5, c. 1006, Laws of 1895) is intended to be exclusive, and to provide the only way by which such proceedings shall be instituted, but is intended only to provide a way by which aggrieved property owners may compel the institution of such a proceeding if the board of estimate and apportionment, the customary source of the initiation of such proceedings, should fail to act in any particular case. The power to institute such proceedings, formerly was vested in the board of street opening and improvement. Consolidation Act 1882, c. 410, subc. 16, tit. 5, § 955, as amended by chapter 17 of the Laws of 1884. By the Greater New York City Charter of 1897 (Laws 1897, c. 378), and its amendatory act of 1901 (Laws 1901, c. 466), this power, formerly residing in the board of street opening and improvement, was transferred to the board of estimate and apportionment. See City Charter 1897, § 243, and its amendatory acts. By section 442 of the same charter the board of estimate and apportionment was also expressly given broad powers as to laying out, opening, and closing streets. Without further reference to the statutes and decisions cited in support of the regularity of the proceeding in the briefs before me, it may be taken as established that the board of estimate and apportionment had power to institute the proceeding in the way it did.

[3] The second ground upon which the jurisdiction of the court is attacked is the claim made that damage has not yet accrued to any person because 151st street has not yet been legally closed, and cannot be until some other street bounding the blocks damaged on at least one side has been physically opened to public use, and that no such street has been so physically opened in this case. This argument is based upon the assumption that the present proceeding was brought under section 2 of chapter 1006 of the Laws of 1895. The proceeding was not brought under section 2, however, but under section 3, and the statutory provisions upon which the above proposition challenging the jurisdiction of the court in this proceeding is based are found in section 2, but not in section 3.

The motion to vacate the proceeding is therefore denied, with $10 costs. Settle order on notice.